# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00522-CR

**Carlton McEwen, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. D-1-DC-08-904053, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Carlton McEwen of four counts of indecency with a child by contact and one count of indecency with a child by exposure. *See* Tex. Penal Code Ann. § 21.11 (West 2003). The indecency with a child by contact offenses were enhanced by a prior conviction for that offense. The district court assessed punishment at life imprisonment for each count of indecency with a child by contact and twenty years' imprisonment for the count of indecency with a child by exposure.

The jury heard evidence that, at the time of the alleged abuse, McEwen was the live-in boyfriend of the victim's grandmother. The victim, who was twelve years old at the time of trial, testified that, when she was five or six or seven years old, McEwen touched and rubbed her private parts, exposed himself to her, and made her touch his private parts. According to the victim, this happened on more than one occasion, although she could not remember how many times it

had happened. The jury also heard evidence that the victim reported the abuse to her teacher, who notified the victim's father, who in turn called the police. The father testified at trial, although the teacher did not.

Detective Chris Vetrano of the Austin Police Department, the lead investigator in the case, testified about the investigation. He explained that he called McEwen and talked to him on the phone about the allegations. A recording of that conversation was admitted into evidence. The State's final witness was the victim's grandmother, who testified about her relationship with McEwen. The only witness to testify for the defense was McEwen's current wife, who claimed that McEwen suffered from erectile dysfunction.

McEwen's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). McEwen received a copy of counsel's brief and has submitted a written response objecting to counsel's motion to withdraw and asserting reasons why he does not believe the appeal is frivolous.

We have reviewed the record, counsel's brief, and McEwen's written response. We agree with counsel that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App.

2005) (holding that it is constitutional error for appellate court to address non-meritorious arguments raised in pro se response to *Anders* brief).  Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   August 26, 2009

Do Not Publish